UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

DAVID SCHICK,                       :

                 Petitioner,        :    11 Civ. 1175 (DLC)(HBP)

    -against-                       :    OPINION
                                         AND ORDER
FRANK LARA, Warden,                 :
FCI Otisville,
                                    :
                 Respondent.
                                    :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        By an undated letter received by the Court's Pro Se Office on August 16, 2011 (Docket Item 13), petitioner seeks certain discovery. For the reasons set forth below, the application is denied.

        This is an action brought pursuant to 28 U.S.C. § 2241 in which petitioner, a convicted felon who was formerly in the custody of the United States Bureau of Prisons ("BOP"), seeks to challenge a decision of the BOP limiting his pre-release community confinement to six months of home confinement. The relevant facts are set forth in full in my Report and Recommendation of even date, familiarity with which is assumed. One of the reasons the BOP has given for its decision is the limited bed space that was available in Residential Re-Entry Centers ("RRCs") in the

district into which petitioner was to be released.  Petitioner now seeks discovery concerning the amount of RRC bed space actually available at the time petitioner's referral for pre-release placement was being considered.

An inmate's challenge to a decision of the BOP concerning pre-release placement is a challenge to BOP's selection of the place of the inmate's incarceration.  <u>Levine v. Apker</u>, 455 F.3d 71, 78 (2d Cir. 2006).  However, a prisoner has no constitutional right to serve his sentence at a particular facility, <u>Olim v. Wakinekona</u>, 461 U.S. 238, 249-50 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976), and the BOP's discretion to designate the location at which an inmate will serve his sentence is extremely broad.  <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 245 (3rd Cir. 2005) ("In sum, we believe the statute indicates that the BOP <u>may</u> place a prisoner where it wishes, <u>so long</u> as it considers the factors enumerated in § 3621." (emphasis in original)); <u>accord</u> <u>Levine v. Apker</u>, <u>supra</u>, 455 F.3d at 82.  So long as the BOP considers the factors enumerated in 18 U.S.C. § 3621(b), the BOP's decision as to where a prisoner shall serve his sentence is not subject judicial review.  <u>United States v. Williams</u>, 65 F.3d 301, 307 (2d Cir. 1995) (Decisions concerning where prisoners are housed "are within the sole discretion of the Bureau of Prisons.").  Even when the BOP has failed to consider

the factors enumerated in Section 3621(b), the only relief that a court can grant is to direct the BOP to perform the designation process in accordance with the statutory requirements; a court cannot make the designation itself.  <u>Mueses v. Terrell</u>, 10-CV-1701 (SLT), 2010 WL 4365520 at *4 (E.D.N.Y. Oct. 27, 2010) ("[I]n order for a court to order the BOP to reconsider its placement recommendation, the court must find that the BOP has abused its discretion by failing to consider statutory factors.").  If the BOP has considered the appropriate factors in reaching its placement decision, a court cannot reconsider the BOP's placement decision.  <u>Fournier v. Zickefoose</u>, 620 F. Supp. 2d 313, 319 (D. Conn. 2009) ("[O]nce the court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome."); <u>see also</u> <u>Owusu-Sakyi v. Terrell</u>, 10-CV-507 (KAM), 2010 WL 3154833 at *5 (E.D.N.Y. Aug. 9, 2010); <u>Wright v. Lindsay</u>, 09-CV-4226 (KAM)(LB), 2010 WL 625360 at *4 (E.D.N.Y. Feb. 18, 2010).

The resources of the facility in which a prisoner's placement is contemplated is one of the factors the BOP must consider in making a placement decision.  28 U.S.C. § 3621(b)(1).  As the authorities cited in the foregoing paragraph teach, however, a court cannot review the BOP's evaluation of those resources.  Even if there was RRC bed space available at the time

petitioner's pre-release placement was being considered, the BOP has the discretion to hold that bed space in reserve for anticipated future needs, and a court cannot review that determination. Moreover, because a prisoner has no right to be housed at any particular facility, a court cannot revisit the BOP's pre-release placement decision even if unlimited RRC bed space was available at the time petitioner's placement was being considered.

In light of the foregoing, the actual RRC bed space available at the time petitioner's pre-release placement was being considered is immaterial.  Whatever space was available, the location and duration of petitioner's pre-release community confinement was committed to the BOP's discretion, and the court cannot reconsider the BOP's decision.  Accordingly, petitioner's application for discovery is denied.

Dated:  New York, New York
        March 8, 2012

                                    Respectfully submitted,

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Mr. David Schick
2209 Avenue I
Brooklyn, New York  11210

4

Alicia M. Simmons, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York  10007